FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

2008 MAY -1  A 9: 58

CENTRAL DIVISION

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 2:07CR371DS |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER ADOPTING REPORT |
| DANNY DUTTON, ) | AND RECOMMENDATION |
| Defendant. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Danny Dutton was indicted by the Grand Jury for possession of a firearm by a previously convicted felon, under 18 U.S.C. 922(g)(1). Dutton moved the Court to allow a jury instruction for justification. Magistrate Judge Brooke C. Wells held an evidentiary hearing and filed a Report and Recommendation, recommending that Defendant Dutton's motion for jury instruction be denied. Mr. Dutton filed written objections to the proposed findings and recommendations.[1] This Court, under 28 U.S.C. § 636(b)(1), must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After carefully considering Mr. Dutton's objections, the Court adopts the recommendations of the magistrate judge, and denies Mr. Dutton's motion for a jury instruction for justification.

---

[1] The Court notes that Sheila W. Dutton, the defendant's mother and a witness at the hearing, also submitted an objection to the magistrate judge's Report and Recommendation. Although the Court understands Mrs. Dutton's concern for her son, the law specifically states that "any **party** may serve and file written objections to such proposed findings and recommendations." Mrs. Dutton is not a party, so the Court is unable to consider her objections.

The Tenth Circuit Court of Appeals has stated that it "is extremely difficult for one to successfully raise the defense of necessity" to a felon-in-possession charge. *United States v. Vigil*, 743 F.2d 751, 756. The United States Supreme court has emphasized that "one principle of these justification defenses remains constant: if there was a reasonable, legal alternative to violating the law, . . . the defense will fail." *United States v. Bailey,* 444 U.S. 394, 410,100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980). Mr. Dutton, in his objection to the recommendations, has provided a great deal of evidence that he and his family felt threatened and fearful in the six weeks following the March 24, 2007 incident. He has not, however, adequately demonstrated that he had no reasonable alternative to possessing a firearm. The Tenth Circuit has observed:

> "The [justification defense] does not arise from a 'choice' of several courses of action; it is instead based on a real emergency. It may be asserted only by a defendant who was confronted with a crisis as a personal danger, a crisis that did not permit a selection from among several solutions, some of which would not have involved criminal acts."

*United States v. Lewis,* 628 f.2d 1276, 1279 (10th Cir. 1980), *cert. denied,* 450 U.S. 924, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981)

Mr. Dutton has not proven that the threat to his life that he felt on May 7th was an imminent threat. Although his ex-wife Bree had told him only a few days before of the latest threatening phone call, Mr. Dutton was not in the kind of emergency situation or personal danger crisis that Tenth Circuit requires for a defense of necessity instruction.

Mr. Dutton has also failed to demonstrate that he had no reasonable, legal alternative to violating the law. He has stated that because of the continuing threats, he was unable to leave his home and be out in the open, even to work as required by his probation, without fear of being attacked or injured. He also said that he had been told by law enforcement officers that because he was on probation, he needed to make himself available for investigation and that he should not leave

the area. Even assuming these things are true, Mr. Dutton has not shown that he had no legal, reasonable alternatives to breaking the law. Courts have often suggested that a defendant has the option of calling for police assistance before choosing to illegally possess a firearm. Mr. Dutton had been specifically told by the police on two occasions that he could not legally possess a firearm. He could have discussed with them what other options he had. In any case, Mr. Dutton's visit to the home of a friend was not the type of emergency situation that might allow the justification defense.

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation be adopted and that Defendant's Motion for a Jury Instruction of Necessity be denied.

DATED this 30th day of April, 2008.

BY THE COURT:

_____

DAVID SAM

SENIOR JUDGE

UNITED STATES DISTRICT COURT